IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrell Darnell Truesdale, # 243060, | ) | C/A No. 4:05-3422-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND** |
| v. | ) | **ORDER** |
| | ) | |
| Maj. Simon Major, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Petitioner is a prisoner in the custody of the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 alleging that he was subjected to unfair disciplinary action as a result of a prison altercation over which he had no control.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C, this matter was referred to United States Magistrate Judge Thomas E. Rogers III for a Report and Recommendation ("Report and Recommendation"). The Magistrate Judge reviewed the pro se complaint pursuant to the provisions of 28 U.S.C. § 1915. The Magistrate Judge filed a Report and Recommendation on May 9, 2006 and recommended that the captioned case be dismissed without prejudice and without issuance of process in order to provide Plaintiff with the opportunity to exhaust his prison remedies. Petitioner filed objections to the Report and Recommendation on May 16, 2006.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The district court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Report and Recommendation to which objections have been filed. Id. However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objections, Plaintiff notes that he had no knowledge of prison remedies available to him. As the Magistrate Judge noted, the Prison Litigation Reform Act, 29 U.S.C. §1915, precludes the court from considering the merits of a prisoner's case until the prisoner has fully exhausted his prison remedies. Plaintiff's objection is without merit.

The court adopts the Report and Recommendation and incorporates it herein by reference. For the foregoing reasons, the captioned case is hereby **dismissed** without prejudice and without issuance and service of process so that Plaintiff may exhaust his administrative remedies.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Court

June 16, 2006
Columbia, South Carolina

2